# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-70030

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

DUANE EDWARD BUCK,

                              Petitioner–Appellant,

versus

LORIE DAVIS, Director,
    Texas Department of Criminal Justice, Correctional Institutions Division,

                              Respondent–Appellee.

Appeals from the United States District Court
for the Southern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before SMITH, OWEN, and HAYNES, Circuit Judges.
PER CURIAM:

This court denied a certificate of appealability ("COA") to review the denial of petitioner Duane Buck's motion, filed per Federal Rule of Civil Procedure 60(b)(6), claiming violation of his Sixth Amendment right to effective assistance of counsel. *Buck v. Stephens*, 623 F. App'x 668 (5th Cir. 2015). The Supreme Court reversed and remanded, *Buck v. Davis*, 137 S. Ct. 759, 780 (2017), "conclud[ing] that Buck has demonstrated both ineffective assistance

No. 14-70030

of counsel . . . and an entitlement to relief under Rule 60(b)(6)" and that this court "erred in denying Buck the COA required to pursue those claims on appeal." On remand, we requested briefing on what action this court should take. Helpfully, the parties submitted a joint letter brief, agreeing on what action is appropriate.

There are no remaining matters requiring resolution by this court or the district court except as set forth below. The motion for a COA is GRANTED. The judgment is VACATED in regard to ineffective assistance of counsel at the punishment phase. This matter is REMANDED with direction to grant, conditionally, a writ of habeas corpus and to direct the respondent to release petitioner from custody unless, within 180 days of the date of the district court's order on remand, the state either (1) initiates proceeding for a new trial on the issue of punishment only, per Texas Code of Criminal Procedure Article 44.29(c), or (2) elects not to seek the death penalty and accedes to a life sentence.